IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

TABER HARDEN, #91703-020            *

    Plaintiff,                            *

    v.                                    * CIVIL ACTION NO. 02:05-CV-691-T
                                                 (WO)
HARLEY G. LAPPIN, in his official    *
capacity as the Director of the Bureau
of Prisons,                           *

    Defendant.                            *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Maxwell Federal Prison Camp located in Montgomery, Alabama. He files this *Bivens*[1] action complaining that the Bureau of Prisons' ("BOP") termination of the federal boot camp program is in violation of the Administrative Procedure Act. Plaintiff further alleges that the BOP's termination of the boot camp program violates the *Ex Post Facto* Clause. Plaintiff names as the defendant Harry Lappin, Director of the Federal Bureau of Prisons, in his official capacity. Upon review of Plaintiff's complaint against the Director of the Federal Bureau of Prisons in his official capacity, the court concludes that dismissal of the complaint prior to service of

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

## DISCUSSION

This official-capacity suit against Director Lappin may not proceed. Plaintiff may not bring an action against the United States, the Bureau of Prisons, or Bureau of Prisons officers in their official capacities as such claims are barred by the doctrine of sovereign immunity. *See Correctional Services Corp. v. Malesko,* 534 U.S. 61, 71-72 (2001); *see also Hafer v. Melo,* 502 U.S. 21, 25 (1991) (claims against employees in official capacities are considered a suit against the government entity). In light of the foregoing, the court concludes that Plaintiff's complaint against Defendant Lappin is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319 (1989).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 13, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties

are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 30th day of August, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE